UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA LYNN FOSTER,

       Plaintiff,                           Case Number 15-11133
                                                              Honorable David M. Lawson
v.                                                            Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff filed the present action on March 26, 2015 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability, disability insurance benefits, and disabled widow's benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on April 6, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant responded to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response to plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 58 years old, filed her application for disability insurance benefits and an application for disabled widow's benefits on June 19, 2012, when she was 53. The plaintiff previously worked as a head cashier. In the original applications that are the subject of the present appeal, the plaintiff alleged a disability onset date of December 9, 2011. The plaintiff has been

diagnosed with degenerative joint disease of the knees, and osteoarthritis of the right hip, and has undergone procedures to repair her left rotator cuff and install a prosthetic joint in her right knee.

The plaintiff's applications for disability and disabled widow's benefits were denied initially on October 12, 2012. The plaintiff timely filed a request for an administrative hearing, and on November 7, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) Ramona L. Fernandez. On January 3, 2014, ALJ Fernandez issued a written decision in which she found that the plaintiff was not disabled. On February 4, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on March 26, 2015.

As noted by the ALJ, to qualify for disabled widow benefits, the widow must show: (1) she is the widow of a wage earner who died fully insured, (2) she has attained the age of 50 but not yet 60, (3) she is disabled as defined in the social security statute, and (4) her disability began before the end of the prescribed period. 42 U.S.C. § 402(e); 20 C.F.R. § 404.335. As with other claims, a widow must show that she is under a disability as defined by the Social Security Act. 42 U.S.C. § 423(a) & (d), 1382c(a). The ALJ found that the plaintiff met the non-disability requirements to qualify for disabled widow benefits through August 31, 2016.

The ALJ reached her conclusion in her written decision that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. She found that the plaintiff had not engaged in substantial gainful activity since December 9, 2011 (step one); the plaintiff suffered from degenerative joint disease of the knees, and osteoarthritis of the right hip, and has undergone surgical procedures to repair her left rotator cuff tear and replace her right knee joint, impairments which were "severe" within the meaning of the Social Security Act

(step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before applying the fourth step, the ALJ determined that the plaintiff had the residual functional capacity to perform a limited range of sedentary work. She was limited to jobs that required only occasional climbing, stooping, crouching, and balancing; no kneeling, crawling, or using ladders, ropes, or scaffolds; occasional reaching with the left (non-dominant) upper extremity; and must avoid concentrated exposure to extreme cold and wetness. A vocational expert testified that the plaintiff's prior relevant work as a head cashier is skilled and at the sedentary exertional level as generally performed and at the light exertional level as actually performed. The vocational expert testified that an individual with the plaintiff's residual functional capacity could continue to work as a head cashier as generally performed in the national economy. The ALJ then concluded that the plaintiff is capable of performing past relevant work as a head cashier (step four). Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In challenging the ALJ's determination, the plaintiff filed a motion for summary judgment in which she argued that (1) the ALJ erred when she concluded that the plaintiff did not meet or equal Listing 1.02A of the Commissioner's listing of impairments, which deals with major disfunctions of a joint; (2) the ALJ's decision was not supported by substantial evidence; and (3) the ALJ erred by not granting the plaintiff a closed period of disability and benefits from November 2011 through January 2013. In a thorough and detailed report, the magistrate judge recommended that each of those arguments be rejected. The plaintiff's objection to that report and recommendation does not challenge any of the discussion relating to the arguments she made in her

summary judgment motion. Instead, the plaintiff contends that the Appeals Council failed to consider records submitted after the ALJ's decision, which she asserts supports ongoing disability through August 2013. For the first time in her objection, the plaintiff asks the Court to remand the case to the Commission for consideration of this evidence.

The plaintiff's objection must be overruled for several reasons. First, as noted by the defendant, the Appeals Council actually did consider the records in question; it simply found that the records did not provide a basis for changing the ALJ's decision. The defendant notes that according to the "Notice of Appeals Council Action," the Appeals Council "considered the reasons [Plaintiff] disagree[s] with the decision *and the additional evidence listed on the enclosed Order of Appeals Council.*" The order from the Appeals Council specifically identified Exhibits 10F and 11F — the new evidence the plaintiff submitted — as evidence that was considered in denying review.

Second, as the magistrate judge noted, the plaintiff never asked the Court to remand the case for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). A sentence six remand may be ordered when new evidence that was not considered by the ALJ comes to light, and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 243 (6th Cir. 2002).

Moreover, a Social Security claimant seeking such a remand has the burden of establishing "(1) that the evidence is 'new' or was otherwise unavailable to the claimant, (2) that the evidence is 'material,' and (3) that he or she has 'good cause' for failing to submit the evidence below." *Glasco v. Comm'r of Soc. Sec.*, --- F. App'x ---, No. 15-3964, 2016 WL 1460384, at *2 (6th Cir. Apr. 14, 2016) (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The plaintiff has made no effort to develop any of these three elements. It should come as

no surprise that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," and that "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) (internal quotation marks and citation omitted); *see also United States v. Reed,* 167 F.3d 984, 993 (6th Cir. 1999) (invoking this rule to deem an issue forfeited). The plaintiff merely "mention[ed]" the argument that the case should be remanded to consider additional evidence, and for the first time in her objections to the magistrate judge's report and recommendation to boot. She has forfeited consideration of that argument.

Third, the magistrate judge did not discuss the merits of a sentence six remand because it was not presented to her. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that new issues raised for the first time in objections to reports of magistrate judges are waived. The Court explained:

> Before moving to the merits, we note that Petitioner's argument may be procedurally barred. Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir.1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D.Ill.1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Id.* at 902 n.1. For the same reasons, the Court finds that this issue is waived and need not be addressed further on the merits.

Fourth, the plaintiff is not entitled to have her case remanded under sentence four of section 405(g). Sentence four of 42 U.S.C. § 405(g) states:

> The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The authority conferred upon the Court by this sentence, however, is subject to the substantial evidence rule. Sentence five of Section 405(g) states: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The magistrate judge found that the ALJ's determination that the plaintiff was not disabled was supported by substantial evidence in the administrative record, and the plaintiff has not challenged that finding in her objections.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objection to the report and finds that it lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #12] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection [dkt. #13] is **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #9] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #11] is

**GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                                           s/David M. Lawson
                                                           DAVID M. LAWSON
                                                           United States District Judge

Dated: August 1, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2016.

                                  s/Susan Pinkowski
                                  SUSAN PINKOWSKI